Commonwealth et al. v. Braymes, Appellant.

376

Submitted April 22, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William L. Jacob,* for appellant.

*H. Stewart Dunn,* and with him *C. A. Waldschmidt,* for appellee.

PER CURIAM, July 2, 1929:

The defendant, Rudolph Braymes, was the owner of a property at No. 4427 Davidson Street, Ninth Ward, City of Pittsburgh. He took out a building permit on September 12, 1928, to make alterations in what was called a two-family dwelling by changing a window to a door. Subsequent to the making of such alterations, the Bureau of Building Inspection found that he had changed the character of the building and was utilizing the property for a commercial use.

He was charged before an alderman with the violation of sections 8 and 46 of Zoning Ordinance No. 373 of the City of Pittsburgh and after the hearing, was found guilty. After obtaining the proper allowance, he appealed to the county court, and the case being

heard de novo, was again found guilty. His principal reliance in his appeal to this court was that the city ordinance under which he was charged was not offered in evidence at the trial and that therefore there was nothing appearing on the record to sustain the conviction.

The record as filed in the first instance did not show that the ordinance had been offered, but upon an allegation of diminution of record by the appellee, properly brought to our attention and supported by affidavit and a reference back to the lower court, both the judge who had heard the case and the stenographer who took the notes of testimony, certified that the ordinance had been offered in evidence at the trial. The record as reformed, shows that the defendant was fully informed as to the offense with which he was charged, that the ordinance under which the prosecution was brought was produced and offered in evidence and that under the testimony produced the trial judge properly adjudged the defendant guilty of the offense charged and imposed a sentence as provided by the ordinance.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence.